```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                                  :
NATIONAL ELECTRIC BENEFIT FUND
                                  :
    v.                            :   Civil Action No. DKC 09-0370
                                  :
RGS ELECTRICAL, INC.
                                  :
```

**MEMORANDUM OPINION**

Pending before the court is Plaintiffs' motion for default judgment (paper 6). This complaint was filed on February 17, 2009, and, on April 13, 2009, Plaintiffs filed both an affidavit of service and motion for the entry of default reciting that Defendant was served on February 26, 2009. On May 12, 2009, the clerk entered default, and a copy was mailed to Defendant.

On April 13, 2009, Plaintiffs filed the instant motion for default judgment. Although Defendant has not formally responded to Plaintiffs' motion for default judgment, on July 17, 2009, Plaintiffs' counsel filed correspondence with the court which evidenced that Defendant had submitted to Plaintiffs its payroll reporting forms for January, 2008, to April, 2009, without contributions (paper 9). Plaintiffs' correspondence further demanded Defendant pay the contribution amounts corresponding to the newly filed reports.

On August 11, 2009, Plaintiffs' counsel filed a second affidavit of NEBF in support of default judgment motion (paper 11) and second affidavit of Jennifer Hawkins, counsel of record, in

support of entry of judgment and demand for attorneys' fees (paper 12).  Both affidavits requested that the court enter judgment in favor of Plaintiffs and against Defendant for sums representing unpaid contributions, liquidated damages, and interest for the period April, 2008 to April 2009.

Plaintiffs' complaint seeks $9,701.91 in unpaid contributions, $799.72 in interest, $2,604.46 in liquidated damages, and $12.00 in bank fees for the months April, 2007, through December, 2007, as well as costs and attorneys fees.  Plaintiffs' complaint also requests Defendant to submit payroll reporting forms for January, 2008, to date.

Plaintiffs' have advised the court that Defendant has submitted its previously unsubmitted payroll reports for the months April, 2008 to April 2009[1].  In addition to the demands made in Plaintiffs' complaint, Plaintiffs' affidavits seek sums not sought in the initial complaint.  Fed. R. Civ. P. 54(c) provides in part that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Although there are circumstances where the result is different,

> When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages.  *See, e.g., Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th

---

[1] Plaintiffs' second affidavit of Jennifer Hawkins, counsel of record, in support of entry of judgment and demand for attorneys' fees (paper 12, paragraph 2).

> Cir.1979); *Producers Equip. Sales, Inc. v. Thomason*, 15 Kan.App.2d 393, 808 P.2d 881, 886 (Kan.Ct.App.1991). A default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount.

*In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). The court declines to award damages that were not specified in the complaint.

Accordingly, judgment will be entered only for the sums due based on the initial complaint.

```
                                  /s/
                          DEBORAH K. CHASANOW
                          United States District Judge
```